**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-01428-MSK**

**STEPHEN H. BOWERS,**

    **Plaintiff,**

**v.**

**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**

    **Defendant.**

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES**

---

**THIS MATTER** comes before the Court on Plaintiff Stephen H. Bowers' Motion for Award of Attorneys' Fees ("Motion") (**#25**), the Commissioner's Response (**#28**), and Mr. Bowers' Reply (**#29**).

## JURISDICTION

For purposes of determining the instant motion, the Court exercises subject matter jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 2412.

## ISSUE PRESENTED

Mr. Bowers requests an award of awarded attorney fees in the amount of $6,928.50 pursuant to the EAJA. The Commissioner opposes the request because she contends that her position in defending the Decision was substantially justified.

## BACKGROUND

Mr. Bowers filed a claim for Supplemental Security Income pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83c. He asserted that he had been disabled from March

16, 2010 with impairments such as carpal tunnel syndrome with multiple joint arthritis, depressive disorder, chronic neck pain, back pain, schizophrenia, and arthritis. After a hearing, the administrative law judge ("ALJ") denied Mr. Bowers' claim in a Decision issued on September 6, 2011. Mr. Bowers appealed that Decision to the Appeals Council, which denied review.

Subsequently, Mr. Bowers appealed to this Court, challenging the Decision on five grounds: (1) the ALJ failed to state the RFC finding on a function-by-function basis; (2) the ALJ did not have valid reasons for rejecting the opinion of treating counselor Elizabeth Richards; (3) the ALJ's reasons for rejecting the opinion of examining psychologist Richard Madsen was not supported by substantial evidence; (4) the ALJ substituted her opinion for that of the examining physician Ryan Otten; and (5) the ALJ gave more weight to the State agency physicians' opinions without a proper basis.

On October 2, 2014, this Court reversed the Decision and remanded the case to the Commissioner for further proceedings. Specifically, this Court held that the ALJ erred by not following the correct legal standards when she rejected the opinions of Ms. Richards and Dr. Madsen.

## DISCUSSION

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 412(d)(1)(A). Thus, to prevail under the EAJA, a party must show: (1) that it was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

There is no dispute that the Claimant is the prevailing party. *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). The only issue is whether the Commissioner's position in opposing remand was substantially justified. As to this, the Commissioner bears the burden of proof. *Id.* at 1170. Under the EAJA, fees generally should not be awarded if the Commissioner advanced a reasonable or substantially justified litigation position. *Id.* (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (10th Cir. 2002)). The Commissioner's position is substantially justified if it has a reasonable basis in both law and fact. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995); *Veltman v. Astrue*, 261 F. App'x. 83, 85 (10th Cir. 2008).

Applying these standards, the Court finds that the Commissioner's position was neither reasonable nor substantially justified. The error that required reversal was one of law – failure of the ALJ to articulate specific, legitimate reasons consistent with the factors in 20 C.F.R. § 416.927(c)(1)-(6) for rejecting the opinions of Ms. Richards, Dr. Madsen, Dr. Ottens. This was a facial infirmity. The Commissioner's only response was that the Decision was supported by substantial evidence. Such argument would be pertinent to a challenge as to the sufficiency or accuracy of factual findings, but it does not address whether the ALJ applied or demonstrated application of the correct legal standard. Furthermore, at its core, it is an argument that because the outcome is acceptable, it does not matter whether the correct legal standard was applied. Such position is inherently unreasonable.

No party argues that there are no special circumstances that would make the award unjust, and there is no issue as to the reasonableness of the fees requested by Mr. Bowers. Accordingly, he is entitled to an award of attorney fees in the amount of $6,928.50.

**IT IS THEREFORE ORDERED** that the Motion is **GRANTED**. Payment of Mr. Bowers' attorney fees in the amount of $6,928.50. shall be made to Mr. Bowers directly,[1] in care of his attorney.

Dated this 22nd day of January, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

---

[1] The EAJA makes it is clear that attorney's fees will be paid only to the "prevailing party." *Manning v. Astrue*, 510 F.3d 1246, 1249-50 (10th Cir. 2007).